## STATE v BECK

Ohio Appeals, 9th Dist, Summit Co

No 2796. Decided June 4, 1936

Wade DeWoody, Director of Law, Akron, and A. H. Johnson, Asst. Dir. of Law, Akron, for appellee.

William L. DeLeone, Akron, for appellant.

## OPINION

PER CURIAM

The appellant was tried in the Municipal Court of Akron for assault and battery, and the jury returned a verdict of guilty. A motion for a new trial was filed, and at the hearing upon said motion evidence was taken before the trial judge, which is embodied in a bill of exceptions, and which discloses that of the 20 jurors whose names were drawn from the jury wheel and who appeared for the trial of the case, three-fourths or more were of other than the Caucasian race.

Counsel for the defendant at the trial (who is not said counsel here) having no knowledge as to the irregularities hereinafter referred to by which the names of said jurors were placed in said wheel, made no objection to the selection of the jury from among those so summoned, but on the motion for a new trial it was shown that most of said names had not been selected by the judges composing said court, as required by the rules of said court, which rules were adopted by the judges of the court in pursuance of statutory authority; that neither said judges nor any of them made any order in reference to the placing of said names in said jury wheel, which was also contrary to the requirements of the rules of the court; that the jury wheel was unlocked by a person who was not the authorized custodian of the key thereto, and who was not authorized to open said jury wheel; and that said names were put in said box in the absence of all of said judges and without ascertaining that said jury wheel was empty as required by said rules.

It therefore appears that there was nothing done that was regular or legal by which said names were placed in said wheel.

The evidence on the motion for a new trial also disclosed that without the judges of the court acting together authorizing the same, the records of the court were so supplemented as to render it difficult to ascertain that the names of nine of the twelve jurors who tried the appellant were improperly and illegally placed in said jury wheel.

Under the law and the rules of said court, the judges of said court were collectively charged with the duty of selecting the names to be put in the jury wheel and certifying thereto, of causing such names to be entered upon the journal of the court, and of superintending the placing of said names in the jury wheel; and the presiding judge was charged with the duty as custodian of the key of seeing that said wheel was kept locked except when ordered to be opened by the court or a judge thereof duly entered upon the journal of the court. If the judges had performed their duties in that regard, what happened in this case could not have happened.

Ordinarily, litigants who do not object to jurors at the time they are impaneled, cannot thereafter be heard to complain; but when, upon a motion for a new trial, the attention of one of the judges composing the court was called to conduct so unauthorized and illegal, and so harmful to the administration of justice, and concerning which there was no dispute, he should have exercised his discretionary power and granted a new trial.

Considering the duty of the judges of the court, one of whom was the trial judge, a situation is presented which constitutes an irregularity in the proceedings of the court which materially affected the substantial rights of the appellant and prevented him from having a fair trial.

For error in not granting a new trial, the judgment is reversed and the cause remanded to the Municipal Court.

FUNK, PJ, STEVENS and WASHBURN, JJ, concur in judgment.